Vernon J. BOND, Jr., Appellant,

v.

UNITED STATES of America,
Appellee.

No. 19281.

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 17, 1966.

Decided March 31, 1966.

Mr. Edward P. Taptich, Washington,
D. C. (appointed by this court) for appellant.

Mr. Frank Q. Nebeker, Asst. U. S.
Atty., with whom Mr. David G. Bress,
U. S. Atty., was on the brief for appellee.
Messrs. John A. Terry, Earl J. Silbert
and Charles L. Owen, Asst. U. S. Attys.,
also entered appearances for appellee.

Before WRIGHT, TAMM and LEVENTHAL,
Circuit Judges.

PER CURIAM.

This case is controlled by our recent
opinions in Tate v. United States, and
Edelin v. United States, 123 U.S.App.D.C.
——, 359 F.2d 245, decided March 28,
1966.

In trials without a jury, with a court
reporter in attendance, appellant was
found guilty on six charges involving
three alleged instances of unlawful entry
and petit larceny, and was sentenced to
a total of 1620 days. On March 10,
1965, the D. C. Court of Appeals granted
appellant leave to appeal *in forma pauperis*
and appointed counsel to represent
him on appeal. On March 18, appointed
counsel filed a very brief "report" to the
D. C. Court of Appeals, setting forth appellant's
contentions, and concluding, in
language identical to that used by appointed
counsel in *Edelin*, that there had
been no denial of a "fair and impartial
trial" to appellant. That report contains
no analysis of any points that might
be raised on appeal. On the same day
the D. C. Court of Appeals, with no transcript
or statement of proceedings and
evidence before it, granted appointed
counsel leave to withdraw, and revoked
leave to appeal *in forma pauperis*. We
granted appellant's motion for leave to
appeal to this court on October 6, 1965.

The case is on all fours with *Edelin*,
where, as here, appellant did not have
the benefit of a transcript of trial pro-

ceedings on appeal, and did not receive adequate representation by appointed counsel acting as advocate rather than amicus curiæ.

The judgment of the D. C. Court of Appeals must be reversed and the case remanded for appointment of new counsel and preparation of a transcript of trial proceedings at the expense of the United States.

It is so ordered.